1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY COOPER,

               Petitioner,

     v.

STATE,

               Respondent.

Case No. 24-cv-04343-RMI

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE**

Re: Dkt. No. 9

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend, and Petition has filed a motion for a stay. (dkt. 9).

## BACKGROUND

In 2002, Petitioner was convicted by a jury of murder and being a felon in possession of a firearm. *Copper v. Mayfi*, Case No. 06-4872 MJJ. A prior habeas petition was denied on the merits. (*Id.*; dkt. 15). Petitioner was resentenced on September 5, 2023. (dkt. 1 at 3). He appealed the resentencing. (dkt. 1 at 7). Petitioner also sought permission from the Ninth Circuit to file a successive petition. (dkt. 5). The Ninth Circuit transferred the petition to this Court, because Petitioner does not need permission to challenge the amended judgment from the resentencing. (*Id.*)

## DISCUSSION

### Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

1   *Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

2   requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

3   habeas corpus filed by a prisoner, who is in state custody pursuant to a judgment of a state court,

4   must "specify all the grounds for relief available to the petitioner . . . [and] state the facts

5   supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2254.

6   "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real

7   possibility of constitutional error." Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*,

8   431 F.2d 688, 689 (1st Cir. 1970) (internal quotation marks omitted)).

9   **Legal Claims**

10   Petitioner alleged that the trial court erred in his resentencing. He stated that he appealed

11   the resentencing but did not indicate what courts reviewed his appeal. A review of court records

12   did not reflect that Petitioner filed any appeal or habeas petition with the California Supreme

13   Court. The petition was dismissed leave to amend to demonstrate exhaustion or to file a motion for

14   a stay.

15   Petitioner has filed a motion for a stay arguing that he sent the petition to the wrong court

16   due to mental health issues and requires a stay to properly exhaust his claims in state court.

17   Liberally construing his motion, Petitioner meets the requirement for a stay pursuant to *Rhines v.*

18   *Weber*, 544 U.S. 269 (2005), and his motion for a stay is granted. Petitioner has shown good cause

19   for his failure to have first exhausted the claims, the claims potentially have merit, and there is no

20   indication that Petitioner was intentionally dilatory in pursuing this litigation.

21   **CONCLUSION**

22   Petitioner's motion for a stay (dkt. 9) is **GRANTED** and this case is **STAYED** pending

23   exhaustion of his claims with the California Supreme Court. If Petitioner is not granted relief in

24   state court, he may return to this Court and ask that the stay be lifted. He must also specifically set

25   forth the exhausted claims in an amended petition.

26   The stay is subject to the following conditions:

27   (1) Petitioner must diligently pursue his state court habeas proceedings; and

28   (2) Petitioner must notify this Court within thirty days after the state courts have completed

United States District Court
Northern District of California

their review of his claims or after they have refused review of his claims.

If either condition of the stay is not satisfied, this Court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall **ADMINSTRATIVELY CLOSE** this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, and the stay vacated upon notification by Petitioner in accordance with the instructions above.

Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

3